UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

---

In re:                                                                                        Case Number: 12-16800-7

    LARRY DENNIS MROCZENSKI
    and TAMI JO MROCZENSKI,

                Debtors.

---

    PATRICIA MROCZENSKI,

                Plaintiff,

                                                                                               Adversary Number: 13-58
       v.

    LARRY DENNIS MROCZENSKI
    and TAMI JO MROCZENSKI,

                Defendants.

---

## **DECISION**

       Patricia Mroczenski, the Plaintiff, filed this adversary proceeding objecting to the dischargeability of debts owed by the Defendants, Larry and Tami Mroczenski, under 11 U.S.C. § 523(a)(4). The Plaintiff has filed a motion for summary judgment. The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. For the reasons stated below, the Plaintiff's motion is granted as to Mr. Mroczenski but denied as to Mrs. Mroczenski.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. Proceedings to determine the dischargeability of a debt under section 523 are core proceedings. 28 U.S.C. § 157(b)(2)(I).

Summary judgment is appropriate where there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The existence of a minor factual dispute or discrepancy does not render a summary judgment motion deficient; instead, summary judgment is to be denied only if there is a "*genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (emphasis added). A material fact is one related to a disputed matter that might affect the outcome of the action. *Id.* When deciding whether there is a genuine issue of material fact, all facts are construed in the light most favorable to the non-moving party, and all reasonable inferences are drawn in favor of that party. *Heft v. Moore,* 351 F.3d 278, 282 (7th Cir. 2003); *Schuster v. Lucent Techs., Inc.*, 327 F.3d 569 (7th Cir. 2003). The Court's role is not to resolve factual issues, but to grant summary judgment if there can be "but one reasonable conclusion." *Liberty Lobby*, 477 U.S. at 250.

## FACTUAL BACKGROUND

The following facts are undisputed based on the answer of the Defendants to the adversary complaint, the admissions of the Defendants in

their answer to a complaint in state court, and the undisputed facts stated in affidavits in support of summary judgment.

The Plaintiff is a seventy-four-year-old resident of Wisconsin. Mr. Mroczenski, the Plaintiff's son, handled the Plaintiff's finances pursuant to a financial power of attorney. In August 2007, two physicians executed a Statement of Incapacity opining that Patricia Mroczenski was incapacitated. In approximately March of 2008, the Defendants agreed to care for the Plaintiff in their home. It was also agreed that compensation in the amount of $2,500.00 per month would be paid to the Defendants in consideration of the care, room, board, and lodging for the Plaintiff. Any prescription costs paid by the Defendants and not covered by Medicare or supplemental insurance were to be reimbursed to the Defendants.

Firewood and wood pellets for the Defendants' home, liquid propane, unleaded gas, and groceries were all paid from the Plaintiff's accounts. Mr. Mroczenski made payments from the bank accounts of the Plaintiff, made cash disbursements from those accounts, and withdrew funds from the Plaintiff's retirement account for purposes other than the agreed compensation and reimbursement for prescriptions. Mr. Mroczenski also sold a tractor belonging to the Plaintiff and did not deposit the funds into her account.

The Plaintiff filed an action in Marathon County Circuit Court against both Defendants alleging that Mr. Mroczenski breached his fiduciary duties under the power of attorney and seeking a money judgment.  Both Defendants

appeared in the state court action, answered the complaint in that action, moved for summary judgment, and, ultimately, consented to the entry of an Order, Findings of Fact, Conclusions of Law and Judgment ("Judgment").

The Judgment recites that the Defendants:

> [C]onsent to the entry of a judgment for Sixty Thousand Dollars ($60,000.00) against them jointly and severally and in favor of [Plaintiff]. That . . . this entry of judgment is for breach of fiduciary duties, conversion and defalcation by the Defendant, Larry D. Mroczenski, while he was acting in a fiduciary capacity as a co-agent for Patricia Mroczenski under the Financial Power of Attorney that was executed by Patricia Mroczenski on May 8, 1998. It is further agreed that this entry of judgment is to settle all claims between the Plaintiff and the Defendants, Larry D. Mroczenski and Tami Mroczenski. It being the intent of the parties that the obligation created by this judgment cannot be discharged in bankruptcy by either Larry D. Mroczenski or Tami Mroczenski.

The Judgment against Mrs. Mroczenski appears to be based on her knowledge and use of the funds for her benefit. However, it is not clear whether Mrs. Mroczenski also acted in a fiduciary capacity; the Judgment does not specifically so find. Likewise, the evidence before the Court does not make clear what, exactly, Mrs. Mroczenski's role was with respect to the Plaintiff.

## DISCUSSION

Bankruptcy relief is designed for the "honest but unfortunate debtor," and Congress crafted the exceptions to discharge with that limitation in mind. *Brown v. Felsen*, 442 U.S. 127, 128, 99 S. Ct. 2205, 60 L. Ed. 2d 767 (1979). Nonetheless, in keeping with the bankruptcy code's concept of a "fresh start," exceptions to discharge are to be construed strictly against the creditor and

liberally in favor of the debtor. *See DeKalb County Div. of Family & Children Servs. v. Platter (In re Platter)*, 140 F.3d 676, 680 (7th Cir. 1998); *In re Crosswhite*, 148 F.3d 879, 881 (7th Cir. 1998). The Plaintiff must prove all elements of the specified exception to discharge by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287-88, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991).

For a claim to be nondischargeable on the grounds that it constitutes "fraud or defalcation while acting in a fiduciary capacity" under section 523(a)(4), it is necessary for the plaintiffs to show that the debtors acted as fiduciaries to the creditors at the time the debt was created, and that the debt was created by fraud or defalcation. *Follett Higher Educ. Group, Inc. v. Berman (In re Berman)*, 629 F.3d 761, 765-66 (7th Cir. 2011) (citations omitted). The determination of fiduciary capacity for purposes of the bankruptcy code is a question of federal law. *O'Shea v. Frain (In re Frain)*, 230 F.3d 1014, 1017 (7th Cir. 2000). The scope of a fiduciary relationship under section 523(a)(4) is not as broad as the traditional state law concept, and not everyone that state law defines as a fiduciary is necessarily held to act in a "fiduciary capacity" for bankruptcy purposes. *In re Berman*, 629 F.3d at 767.

The meaning of "fiduciary" in section 523 has been defined by the Supreme Court:

> The meaning of these words has been fixed by judicial construction for very nearly a century. Chapman v. Forsyth, 2 How. 202, 11 L.Ed. 236, decided in 1844, is a decision to the effect that within

5

> the meaning of a like provision in the Act of 1841 (5 Stat. 440), a factor does not act in a fiduciary capacity; the statute "speaks of technical trusts, and not those which the law implies from the contract." 2 How. at p. 208. The scope of the exception was to be limited accordingly. Through the intervening years that precept has been applied by this court in varied situations with unbroken continuity. (Citations omitted) It is not enough that by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee *ex maleficio*. He must have been a trustee before the wrong and without reference thereto. In the words of Blatchford, J., "The language would seem to apply only to a debt created by a person who was already a fiduciary when the debt was created."

*Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333 (1934) (citations omitted).

Mr. Mroczenski was acting as a fiduciary under the power of attorney before any funds were withdrawn or expended. Both of the Defendants agreed to the entry of a judgment that found sums in the amount of $60,000.00 were owed to the Plaintiff in this action for "breach of fiduciary duties, conversion and defalcation." The conclusion that there was wrongdoing by Mr. Mroczenski, who was a fiduciary at the time the debt was created, could not be more clear from the facts before the Court. Whether Mrs. Mroczenski was also a fiduciary for purposes of section 523(a)(4), however, is not at all clear.

With respect to Mr. Mroczenski, therefore, the sole issue is whether the state court judgment should be applied to preclude challenge to the conclusion that he is liable for a debt arising from fraud or defalcation while acting in a fiduciary capacity.

Under the doctrine of claim preclusion, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that

6

were or could have been raised in that action." *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981); *Kruckenberg v. Harvey*, 2005 WI 43, ¶ 19, 279 Wis. 2d 520, 694 N.W.2d 879 (2005). In Wisconsin, there are three elements of claim preclusion: "(1) identity between the parties or their privies in the prior and present suits; (2) prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) identity of the causes of action in the two suits." *Id.* at ¶ 21 (citations omitted).

There is an exception to the doctrine of claim preclusion "if the [party] did not have a full and fair opportunity to litigate his claim in state court . . . ." *Licari v. City of Chi.*, 298 F.3d 664, 666–67 (7th Cir. 2002). A [party] has had "a full and fair opportunity to litigate his claims so long as the state court proceedings complied with the minimum procedural requirements of the Due Process Clause." *Id.* at 666–67.

The parties in this adversary proceeding are identical to the parties in the state court case. The parties engaged in litigation in state court and, ultimately, rather than try the matter, they stipulated to the entry of a final judgment. The terms and provisions of the Judgment were negotiated between the parties. Thus, there was a final judgment on the merits in the state court. Finally, there is an identity of the causes of action between the state court proceeding and this adversary proceeding. Both asserted that Mr. Mroczenski breached fiduciary duties to the Plaintiff that constituted defalcation. The conduct that forms the basis for this adversary proceeding is the same conduct that formed

the basis for the state court action. He had a full and fair opportunity to litigate the claim. He did so and, ultimately, consented to judgment.

The elements of claim preclusion are satisfied in this case with respect to Mr. Mroczenski. Accordingly, I grant Plaintiff's motion for summary judgment as to him.

Because the evidence before the Court leaves questions as to Mrs. Mroczenski's role vis-a-vis the Plaintiff's care and, by extension, as to whether Mrs. Mroczenski was acting in a fiduciary capacity for purposes of section 523(a)(4), I find that there is a genuine issue of material fact that merits further proceedings. As such, Plaintiff's motion for summary judgment is denied with respect to Mrs. Mroczenski.

A separate order and judgment consistent with this decision will be entered.

Dated: December 16, 2013

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge